```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ATHAN EKEJIUBA ANYANWU, | |
| Plaintiff, | Civil No. 08-0010 (JBS) |
| v. | |
| UNITED STATES CITIZENSHIP AND NATURALIZATION SERVICES, | MEMORANDUM OPINION |
| Defendant. | |

**Simandle, District Judge:**

1. This matter comes before the Court on its own initiative, pursuant to Fed. R. Civ. P. 4(m), because it appears that more than 120 days have elapsed since the Complaint[1] in this action was filed on January 2, 2008 and the Complaint has not been properly served on Defendant.

2. Plaintiff, through his attorney Emmanuel O. Anyaele, Esq., filed this action on January 2, 2008 pursuant to 8 U.S.C. § 1421(c). Plaintiff seeks to have this Court review the February 7, 2007 final decision of the United States Citizenship and Naturalization Services ("USCNS") denying Plaintiff's application for naturalization.

3. Plaintiff appears to have attempted to effectuate

---

[1] Plaintiff did not identify the initial filing in this case as a "Complaint," but, rather, as a "Motion for De Novo Review and for Declaratory of Citizenship." (Docket Item 1.) For the sake of consistency with the Federal Rules of Civil Procedure, the Court will refer to this initial filing as the "Complaint" in this Memorandum Opinion.

service upon the United States by sending a copy of the Complaint via certified mail to the office of the United States Immigration and Naturalization Services in Cherry Hill, New Jersey. (Docket Item 2.) However, this is not proper service pursuant to Rule 4(i), Fed. R. Civ. P., which is set forth in full in the margin.[2]

---

[2] Fed. R. Civ. P. 4(i) provides:

(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.

> (1) United States. To serve the United States, a party must:
>
>> (A)
>>> (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>>>
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by

4.  In order to properly serve the Defendant, a United States agency, Plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 4(i)(2).  In order to serve the United States, Plaintiff must comply with the requirements set forth in Rule 4(i)(1), which include serving "the United States attorney for the district where the action is brought" and "the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1).  Plaintiff has made no apparent effort to effectuate service on the United States in accordance with this Rule.

5.  Under Rule 4(m), Fed. R. Civ. P.,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  As the Advisory Committee Notes to the

---

> registered or certified mail to the agency, corporation, officer, or employee.
>
> (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

3

1993 Amendments suggest, good cause for an extension of time may be found when "the applicable statute of limitations would bar the refiled action."  Advisory Committee's Notes on 1993 Amendment to Fed. Rule Civ. Proc. 4(m).

6. The Court will permit Plaintiff an additional thirty days from the entry of the accompanying Order to properly serve the defendant.  This extension is appropriate in this case in light of the fact that the statute of limitations on Plaintiff's claim would not permit the refiling of this action.[3]  See id.; see also 8 C.F.R. § 336.9(b) ("an applicant shall file a petition for review in the United States District Court having jurisdiction over his or her place of residence . . . within a period of not more than 120 days after the Service's final determination").  In the interim, the Court will dismiss Plaintiff's motion to amend/correct [Docket Item 1] without prejudice to Plaintiff's renewal of this motion after proper service has been effectuated.

7. If Plaintiff does not properly serve the Complaint and

---

[3] There would appear to be good reasons to doubt whether the instant action was itself timely filed.  It appears that the final administrative decision in this case was rendered on February 7, 2007, which would mean that the instant action was filed well outside the 120-day statute of limitations applicable to Plaintiff's claim.  See 8 C.F.R. § 336.9(b).  However, bearing in mind that the statute of limitations is an affirmative defense as to which Defendant, if properly served, will bear the burden of proof, the Court will grant Plaintiff the opportunity to effectuate proper service within thirty days of the entry of the accompanying Order.

file his proofs of service within thirty days, the Court shall dismiss this action, pursuant to Fed. R. Civ. P. 4(m).  An appropriate Order shall be entered.


**August 7, 2008**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             United States District Judge